UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GEORGE NIMER MARTHA,

        Petitioner,

        v.

UNITED STATES IMMIGRATION SERVICE,

        Respondent.
                                  /

No. C 05-3818 SI (pr)

**ORDER OF DISMISSAL**

        George Nimer Martha filed a petition for writ of habeas corpus purportedly challenging the lawfulness of his detention pending removal by the U.S. immigration authority formerly known as the Immigration & Naturalization Service and now known as the Bureau of Immigration and Customs Enforcement.

        The petition has an incurable flaw: Martha cannot meet the custody requirement. Federal jurisdiction over a petition for a writ of habeas corpus exists only for petitions filed by persons "in custody" at the time the petition is filed. See 28 U.S.C. § 2241(c); Carafas v. LaVallee, 391 U.S. 234, 238 (1968). "'[T]he bare detainer letter alone does not sufficiently place an alien in INS custody to make habeas corpus available.'" Campos v. INS, 62 F.3d 311, 314 (9th Cir. 1995) (quoting Garcia v. Taylor, 40 F.3d 299, 303 (9th Cir. 1994)). The petitioner has to be in custody for the action he seeks to challenge in his habeas petition.

Martha is currently in custody in Mule Creek State Prison serving a 6-year, 4-month prison sentence following a 2002 conviction in San Mateo County Superior Court. See Petition, Exh. D. Martha is not in custody under the authority of the immigration authority. The immigration authority sent to Mule Creek State Prison an "immigration detainer - notice of action" dated August 31, 2005. That detainer stated that an investigation had been initiated to determine whether Martha was subject to removal from the United States and requested that he be detained upon the completion of his state prison sentence. See Letter filed Sep. 28, 2005, unnumbered exhibit. A CDC form labeled "inmate notification of detainer receipt," informed Martha that the detainer had been filed against him by the immigration authority and noted his scheduled release date is March 23, 2007. Id., p. 2. Because Martha is not in the immigration authority's custody, his petition challenging the immigration authority's action or inaction must be dismissed for lack of jurisdiction. Martha someday may be in the custody of the immigration authority, but he must wait until that time to petition for writ of habeas corpus concerning the immigration authority's action or inaction.

Martha's in forma pauperis application is DENIED as unnecessary because he had already paid the filing fee. (Docket # 8.) Martha's motion for release on bond is DENIED because this court has no jurisdiction over the action. (Docket # 9.)

IT IS SO ORDERED.

DATED: February 22, 2006

                                          SUSAN ILLSTON
                                      United States District Judge